IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELLEN ANGEL § | | |
|     *Plaintiff,* § | | |
| § | | |
| § | | |
| v. § | | CASE NO.: _____ |
| § | | |
| FEDERAL EMERGENCY § | | |
| MANAGEMENT AGENCY, and § | | |
| WILLIAM B. LONG, Administrator of § | | JURY TRIAL DEMANDED |
| the Federal Emergency Management, § | | |
| Agency § | | |
|     *Defendants.* § | | |

## COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Ellen Angel (hereinafter referred to as "Plaintiff" or "Homeowner"), through the undersigned counsel, files this Complaint against Defendants, the Federal Emergency Management Agency ("FEMA") and William B. ("Brock") Long in his official capacity as the Administrator of the Federal Emergency Management Agency (the "Administrator") ("FEMA" and "Long" are collectively referred to herein as "FEMA or "Defendants"). Homeowner brings this Complaint on the grounds more fully set forth below:

**Jurisdiction and Venue**

1. This action arises as a result of FEMA's partial denial of the Homeowner's flood insurance claim under the National Flood Insurance Act of 1968, as amended ("NFIA"; 42 U.S.C. § 4001 *et seq.*), FEMA regulations, and federal common law.

2. This breach of contract action involves breaches of a Standard Flood Insurance Policy ("SFIP"), 44 C.F.R. Pt. 61, Appx. A(1), that FEMA sold to Homeowner pursuant to the NFIA.

3. This Court has original, exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 because the interpretation of the SFIP, a federal regulation, creates numerous and substantial federal questions.

4. The property made the basis of this action is located at 17906 Nanes Dr., Houston, Texas 77090 (the "Property"), which is located in the Southern District of Texas. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 42 U.S.C. § 4072.

**Parties**

5. Plaintiff Homeowner, Ellen Angel, is a person of full age of majority and is domiciled within the Southern District of Texas, and at all relevant times was the owner of the Property.

6. The Federal Emergency Management Agency is a federal agency under the United States Department of Homeland Security that administers and issues flood insurance policies pursuant to the National Flood Insurance Program ("NFIP") and the NFIA. The Federal Emergency Management Agency is thus a properly named Defendant herein.

7. The Administrator is a proper party to this action pursuant to 42 U.S.C. § 4072, which authorizes suit against the Administrator of the Federal Emergency Management Agency, in his official capacity, to assert claims related to the disallowance

or partial disallowance of a flood insurance claim. See also 44 C.F.R. §§ 61, Appx. A(1), Section VII(R) and 62.22.

## Summary of Complaint

8. This case asserts a claim for payment of insurance proceeds by FEMA for damage sustained by Homeowner in Hurricane Harvey, in August 2017. Despite a finding by FEMA that the full cost of repair or replacement was $139,205.95, FEMA denied the claim in part and only allowed disbursement of $102,000.00 funds, of which Homeowner only received approximately $82,000.00.

9. This lawsuit seeks recovery of the difference between the amount paid Homeowner by FEMA for the Building loss ($82,000.00) and the policy limits of $132,000.00, an amount of approximately $50,000.00.

## Background Facts

10. Effective August 1, 2017, Homeowner purchased from FEMA a Standard Flood Insurance Policy ("SFIP") bearing policy number SF00712414 to provide flood insurance for a Building (her residence). That policy had a policy period that ended on August 1, 2018.

11. The SFIP is set forth at 44 C.F.R. Pt. 61, Appx. A(1), and is incorporated herein by reference and. Homeowner has paid all necessary premiums, and the SFIP was in full force and effect during its term and at all relevant times on the date of the flood loss caused by Hurricane Harvey, described in more detail in paragraph 12, below.

12. On or about August 26, 2017, flooding caused by Hurricane Harvey began impacting the Texas Coast causing widespread, devastating and long-duration flooding (the "Flood") throughout much of Southeast Texas, and ultimately flooding the Homeowner's dwelling and personal property.

13.     As a direct and proximate result of the Flood, Homeowner suffered a direct physical loss to the Property. Homeowners' dwelling was inundated with approximately 36" to 48" of contaminated floodwater for several days causing physical changes and damages directly by and from the flood to the Property. Homeowner has incurred and continue to incur significant expenses to repair the Property.

14.     Homeowners timely notified FEMA of this flood insurance loss and fulfilled all other requirements in case of loss, as required by Article VII.J of the SFIP.

15.     FEMA hired and sent an adjuster to Homeowner's dwelling to inspect the property, prepare a damage estimate and a Proof of Loss form, and to make adjustment recommendations, subject to the approval of FEMA. Some time thereafter, FEMA issued its partial denial of Homeowner's claim.

**Breach of Contract**

16.     Homeowner re-alleges and incorporate each and every allegation set forth above as if set forth fully herein.

17.     This is an action for damages as a result of FEMA's breach of the SFIP, an insurance contract.

18.     Homeowners and FEMA entered into an insurance contract when Homeowner purchased from FEMA the above referenced SFIP, No. SF00712414, for the Property for the period, August 1, 2017-August 1, 2018, during which policy term Hurricane Harvey ravaged Houston.

19.     The SFIP, at all times relevant hereto, provided flood insurance coverage to the Homeowner for, among other things, physical damages to the Property caused by or from flood.

20.     Beginning on or about August 26, 2017, Homeowner's dwelling and

contents flooded for an extended period of time. The flood caused by Hurricane Harvey physically changed and damaged the subject property.

21. Homeowner fully performed under the contract by having paid all premiums when due, satisfying all SFIP requirements and cooperating with the Defendant and its adjuster, to they extent she was able.

22. Homeowners complied with all conditions precedent to recovery, including but not limited to timely notification of the flood loss and submitting a complete Proof of Loss statement with supporting documentation, to they extent she was able.

23. FEMA materially breached the SFIP when it chose to not pay the Homeowner for all covered damages caused directly by and from flood water. No section of the SFIP excludes from coverage unrepaired damage, if there was any. Further, and in the alternative, FEMA and/or its agents may have participated in wrongful or fraudulent conduct regarding the adjustment and payment of the loss, and thereby breaching its contract with Homeowner.

24. By virtue of its various breaches of contract, including the choice not to pay Homeowner for Homeowner's covered losses, FEMA is liable to and owes Homeowner for the actual damages Homeowner sustained as a foreseeable and direct result of the breach of contract and all costs associated with recovering, repairing, and/or replacing the covered, flood damaged property in accordance with the SFIP, together with all costs, expenses, and relief as allowed by law, both in law and equity.

**Notice Regarding Joinder of other Parties**

25. Plaintiff advises the Court and FEMA that after discovery on FEMA adjustment files on the prior owner's claim, it is likely that Plaintiff will ask for leave to

join of other parties.

## Prayer for Relief

26.     Plaintiff, Ellen Angel, prays that after due proceedings are heard, that this Court entered Judgment in favor of the Plaintiff and against the Defendants for all amounts that Plaintiff proves at trial of this matter for damages due to the Defendant's breach of the insurance contract, and for costs, expenses, and other relief, in law and equity that this Honorable Court may deem just and proper.

Respectfully submitted,

DEHOYOS & CONNOLLY, PLLC

By: */s/ Kevin J. Connolly*
Kevin J. Connolly
State Bar No. 24059603
Ryan A. DeHoyos
State Bar No. 24070931
1211 Hyde Park Boulevard
Houston, Texas 77006
Telephone: (832) 767-3568
Facsimile:  (866) 719-2436
Email: kjc@dc-lawgroup.com
Email: rad@dc-lawgroup.com

OF COUNSEL:

BY: */s/ Christopher Thornhill*
**CHRISTOPHER M. THORNHILL**
State Bar Number 24059030
*Attorney for Plaintiff*